IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WASIA MAYA, <br> A# xxx-xx7-312, <br><br> Petitioner, <br><br> vs. <br><br> DAMON ACUFF, Warden, Pulaski County Detention Center, <br> MERRICK GARRAND, Attorney General, <br> ALEJANDRO MAYORKAS, Secretary, <br> U.S. Department of Homeland Security, <br> TAE JOHNSON, Acting Director, <br> U.S. ICE, <br> and HENRY LUCERO, U.S. ICE Director, <br> Chicago Field Office, <br><br> Respondents. | Case No. 21-cv-755-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Wasia Maya is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE") and is being detained at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). He filed his Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on June 30, 2021. Maya asserts that he has been wrongly subjected to mandatory detention under 8 U.S.C. § 1226(c) because he was not taken into custody until some twelve years after he was released from serving a criminal sentence. (Doc. 1, pp. 1-2, 13-16). He further alleges that his detention of seven months has become unduly prolonged and violates his Fifth Amendment due process rights. (Doc. 1, pp. 2-3, 12-13, 19-25). He seeks immediate release or, in the alternative, an

1

immediate bond hearing at which the government has the burden to justify his ongoing detention. (Doc. 1, pp. 2, 27).

Maya makes the following allegations in the Petition: He is a 43-year-old citizen of Tanzania who came to the United States lawfully on a student visa on April 20, 2001, to attend Texas Southern University. (Doc. 1, p. 6). He fathered a child born in Texas in 2004. In April 2005, he married a United States citizen, Tashel White,[1] and later that year briefly departed the United States with advance parole (Form I-131). On November 8, 2005, Maya returned to the United States, and on March 15, 2006, his status was adjusted to conditional permanent resident. *Id.* He has resided here since then.

In May 2006, Maya was arrested and charged with transportation of stolen goods in violation of 18 U.S.C. § 2314, for selling stolen computer items. He pled guilty in the Southern District of Texas and, on October 6, 2007, he was sentenced to a 27 month term of imprisonment. (Doc. 1, p. 6). On March 15, 2008, his conditional permanent resident status was terminated. He was released from federal prison on May 2, 2008, and remained free for twelve years. Maya fathered a second child, born on April 16, 2012, with Fridah Kerubo Ondara. Maya was not taken into immigration custody until November 17, 2020. (Doc. 1, p. 7).

On January 7, 2021, Maya had a bond hearing before an Immigration Judge ("IJ"); bond was denied pursuant to 8 U.S.C. § 1226(c). (Doc. 1, p. 7; Doc. 1-1, p. 9). Maya was charged with being removable based on his conviction of an "aggravated felony,"

---

[1] Maya later divorced Ms. White. (Doc. 1, p. 8).

conviction of a crime involving moral turpitude committed within five years after his admission, and termination of his conditional residency. (Doc. 1, p. 7). The IJ sustained all three charges and ordered Maya removed. (Doc. 1, p. 8). Maya now seeks relief including cancellation of removal, a waiver under INA § 212, and an I-751 good faith waiver.[2] (Doc. 1, p. 8). He disputes the IJ's findings regarding his date of admission to the United States related to the date of his crime, and his inadmissibility based on his criminal conviction. *Id.* Maya asserts he can show hardship based on his qualifying relatives (his two minor children, the younger of whom lived with Maya before he was detained).[3] (Doc. 1, pp. 8-9).

Maya appealed the IJ's removal decision to the Board of Immigration Appeals ("BIA") on January 11, 2021; the appeal remains pending. (Doc. 1, p. 26). If the BIA affirms the IJ's decision, Maya plans to seek review in the United States Court of Appeals. He asserts that his detention, which began on November 17, 2020, and has continued for seven months, is not likely to end soon in light of the pending appeal.

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the Petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

---

[2] Maya filed his I-751 good faith waiver with USCIS on March 9, 2021, and it remains pending. (Doc. 1, p. 8).
[3] A custody case regarding Maya's younger son is pending in Boone County, Missouri, with a hearing set for August 3, 2021. The child's mother, Ms. Ondara, is presently living in Kenya. (Doc. 1, p. 9; Doc. 1-1, pp. 11-13).

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action. Without commenting on the merits of Maya's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and a response shall be ordered.

Ordinarily, the only proper Respondent in a habeas petition is the petitioner's immediate custodian—in this case, Warden Acuff. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006). Given the relief sought by Maya, however, the Court deems it appropriate to retain the additional federal government Respondents as parties to the action, at least at this early stage.

Respondents are **ORDERED** to answer the Petition or otherwise plead on or before **July 21, 2021**.[4] This preliminary Order to respond does not preclude Respondents from raising any objection or defense they may wish to present. Service upon Acuff, Warden of the Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service on him as the immediate custodian.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send the letter constituting service, Petition, and this Order via registered or certified mail to Merrick Garland, Attorney General of the United States (in his official capacity); to Alejandro Mayorkas, Secretary of the United States Department of Homeland Security (in his official capacity); to Tae Johnson, Acting

---

[4] The response date ordered here is controlling. Any date the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only.

Director of U.S. Immigration & Customs Enforcement (or his successor, in his/her official capacity); and to Director of the Chicago Field Office of Immigrations & Customs Enforcement Henry Lucero (or his successor, in his/her official capacity).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the Petition, and this Order to the United States Attorney for the Southern District of Illinois, and to send a copy of the letter constituting service, Petition, and this Order via registered or certified mail to the United States Immigration & Customs Enforcement.

Maya is **ADVISED** of his continuing obligation to keep the Clerk (and Respondents) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 1, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**